**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

Sᴀᴍ Gʟᴀssᴄᴏᴄᴋ III
Vɪᴄᴇ Cʜᴀɴᴄᴇʟʟᴏʀ

Cᴏᴜʀᴛ ᴏꜰ Cʜᴀɴᴄᴇʀʏ Cᴏᴜʀᴛʜᴏᴜsᴇ
34 Tʜᴇ Cɪʀᴄʟᴇ
Gᴇᴏʀɢᴇᴛᴏᴡɴ, Dᴇʟᴀᴡᴀʀᴇ 19947

Date Submitted: October 7, 2016
Date Decided: October 7, 2016

Jessica Zeldin, Esquire
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19899

Megan Ward Cascio, Esquire
Eric S. Klinger-Wilensky, Esquire
Glenn R. McGillivray, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801

> Re:  *Jay Frechter v. Cryo-Cell International, Inc.*
> Civil Action No. 11915-VCG

Dear Counsel:

This matter involves the application for a fee award in a mootness proceeding. The Plaintiff, a stockholder of Cryo-Cell International ("the Company"), sued the Company, seeking a declaration that a provision in its bylaws (the "Provision") was illegal. The Provision indicated that directors could be removed "for cause" at a "special meeting" of stockholders. Under Section 141(k) of the Delaware General Corporation Law, stockholders have the right to remove directors without cause. After the Plaintiff moved for summary judgment, the Company amended its bylaw to remove the language complained of, mooting the action.

I find that the Provision, while not explicitly illegal, was misleading to stockholders and could have a chilling effect on the exercise of their franchise under Section 141, because providing a procedure to remove directors for cause (and remaining silent as to removal without cause) could indicate to a reasonable stockholder that cause was a requisite for removal. Thus, this suit was meritorious when filed. The Company concedes that it removed the provision as a result of the litigation. Since, as I have found, a potential chilling effect on the exercise of the stockholder franchise was removed by the action, a benefit was worked on the stockholders. Therefore, a mootness fee is appropriate under the Corporate Benefit Doctrine. The remaining issue is the appropriate size of the fee.

I have evaluated this matter using the *Sugarland* factors.[1] Most important here is the value of the benefit. I find that the benefit resulting from removing the Provision is mostly theoretical. I note that the Company has never attempted to use the Provision defensively, and that the current board was seated following a proxy contest, as a result of which prior board members were removed *without* cause. While it is impossible to determine whether stockholders have ever been dissuaded from mounting a proxy contest by the misleading language of the bylaw, I note that sophisticated investors, or those interested enough to hire counsel, would likely have been undeterred. In light of the theoretical modest benefit worked here, and the other

---

[1] *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142 (Del. 1980).

2

factors addressed below, I find a fee in the amount of $50,000, inclusive of expenses, to be reasonable.

First, I note that this action—unlike the action in *In re VAALCO Energy, Inc. Stockholder Litigation*,[2] which generated a higher award—was not brought in light of any pending proxy contest, or indeed, any contemplated action which might have been deterred by the Provision. It was entirely an action to remove a bylaw provision that was theoretically improper, in a vacuum, untethered to any immediate practical result. Next, I consider that one of the factors mandated by the Supreme Court in *Sugarland* is consideration of the contingent nature of the litigation. This is because a fee award should reflect the risk undertaken by Plaintiff's counsel, in computing a fee which encourages wholesome litigation. Here, in light of the outcome in *VAALCO* which provided the impetus for this action, this was largely a risk-free pursuit, and the contingency factor is of negligible importance. It is worth pointing out, I think, that had the Company changed its bylaw upon suit being filed (or upon pre-suit demand, had one been made), rather than resisting the relief requested through the time of the filing of an amended complaint and a nine-page summary judgment motion, a nominal fee at most would have been warranted. Some effort was required here on the part of the Plaintiff and his counsel, however, making a more-than-nominal fee appropriate.

---

[2] C.A. No. 11775-VCL (Del. Ch. Dec. 21, 2015) (TRANSCRIPT).

I also note that the original complaint included a second count, seeking to hold the Company's directors liable for breaches of fiduciary duty in enacting the Provision. In fact, the current directors did not create the Provision. While that count was withdrawn, it required some effort by the Corporation and its counsel, which was a cost imposed, ultimately, on stockholders. This count was not meritorious when filed, and I have adjusted the contemplated fee downward, as I believe equity requires, in reaching a fee award of $50,000.

I find the other *Sugarland* factors (including effort expended by Plaintiff's counsel) do not militate against a $50,000 fee award.

Therefore, a mootness fee in the amount of $50,000, inclusive of expenses, in favor of the Plaintiff is appropriate. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

4